## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Amanda Cerny, Andra "Ana" Cheri Moreland, Brenda Geiger, Chantel Zales, Emily Sears, Pia Muehlenbeck, Raquel Gibson, and Rosa Acosta,<br><br>     Plaintiffs,<br><br>  v.<br><br>IDK, Inc., d/b/a Babe's Pub & Pool, and Eric Pechter,<br><br>     Defendants. | Case No. |

Plaintiffs Amanda Cerny, Andra "Ana" Cheri Moreland, Brenda Geiger, Chantel Zales, Emily Sears, Pia Muehlenbeck, Raquel Gibson, and Rosa Acosta (collectively, "Plaintiffs"), file this Complaint against IDK, Inc., d/b/a Babe's Pub & Pool, and Eric Pechter (collectively "Defendants"), and respectfully allege as follows:

## BACKGROUND

1. This is an action for damages and injunctive relief relating to Defendants' misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote their strip club, Babe's Pub & Pool, located in Atlanta, Georgia

("Babe's Pub & Pool," or the "Club").

2.       As detailed below, Defendants' misappropriation and unauthorized use of Plaintiffs' images, photos and likenesses (collectively, "Images") constitutes: a) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits both false or misleading representations of fact in commercial advertising and the false or misleading use of a person's image for commercial purposes; b) violation of each Plaintiff's common law right of publicity; c) violation of each Plaintiff's common law right of privacy; d) violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*;  e) defamation; and f) various common law torts, including conversion.

3.       In addition to the actual, compensatory, and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendants from using any of their Images in any way and through any medium.

## JURISDICTION & VENUE

4.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have stated claims under the Lanham Act, 28 U.S.C. § 1125(a)(1).

5.       This Court has jurisdiction over the state law claims asserted, pursuant to 28 U.S.C. § 1367.

6.     Plaintiffs are, and at all times relevant to this action have been, professional models who reside throughout the United States and Australia.

7.     According to publicly available records, Defendant IDK, Inc., is a corporation formed under the laws of the state of Georgia, with its principal place of business located at 4264 Cabretta Drive, Smyrna, Georgia 30080. Defendant IDK operates Babe's Pub & Pool, which is located at 304 Fulton Industrial Cir SW, Atlanta, Georgia 30336-1800.

8.     Venue is proper in the United States District Court for the Northern District of Georgia because Defendants' principal place of business is located in Atlanta, Georgia.

9.     A significant portion of the alleged causes of action arose and accrued in Atlanta, Georgia, and the center of gravity for a significant portion of all relevant events alleged in this complaint is predominately located in Atlanta, Georgia.

## PARTIES

### *Plaintiffs*

10.     Plaintiff Amanda Cerny ("Cerny") is a well-known professional model, and a resident of Los Angeles County, California.

11.     Plaintiff Andra "Ana" Cheri Moreland ("Moreland") is a well-known professional model, and a resident of Orange County, California.

12.     Plaintiff Brenda Geiger ("Geiger") is a well-known professional model, and a resident of Onondaga County, New York.

13.     Plaintiff Chantel Zales ("Zales") is a well-known professional model, and a resident of Los Angeles County, California.

14.     Plaintiff Emily Sears ("Sears") is a well-known professional model, and a resident of Los Angeles County, California.

15.     Plaintiff Pia Muehlenbeck ("Muehlenbeck") is a well-known professional model, and a resident of Australia.

16.     Plaintiff Raquel Gibson ("Gibson") is a well-known professional model, and a resident of Hillsborough County, Florida.

17.     Plaintiff Rosa Acosta ("Acosta") is a well-known professional model, and a resident of Los Angeles County, California.

### Defendants

18.     Defendant IDK is a domestic for-profit corporation formed under the laws of the state of Georgia and registered to conduct business in Georgia. At all times relevant to this action, Defendant IDK operated Babe's Pub & Pool in Atlanta, Georgia.

19.     Service of process may be perfected upon Defendant IDK by serving the registered agent for service of process, Gordon Berger who can be located at 271 17th St. NW, Suite 1900, Atlanta, Georgia 30363.

20.     Defendant Eric Pechter is listed as the CEO, CFO, and Secretary of Defendant IDK. Service of process may be perfected upon Defendant Pechter by serving him at 4264 Cabretta Drive, Smyrna, Georgia 30080, or anywhere else that he may be found in the state.

## FACTUAL ALLEGATIONS

21.     Each Plaintiff is a well-known professional model who earns her livelihood modeling and licensing her Images to companies, magazines and individuals for the purpose of advertising products and services.

22.     Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

23.     Each of the Plaintiffs' Images was misappropriated, and intentionally altered, by Defendants to make it appear that they worked at, endorsed, or were otherwise associated or affiliated with Defendants.

24.     In the case of each Plaintiff, this apparent claim was false.

25.     Moreover, this misappropriation occurred without any Plaintiff's knowledge, consent, or authorization.

26.     No Plaintiff has ever received any remuneration for Defendants'

improper and illegal use of their Images, and Defendants' improper and illegal use of Plaintiffs' Images have caused each Plaintiff to suffer substantial monetary damages and harm to reputation.

27.     Further, in certain cases Defendants misappropriated Plaintiffs' advertising ideas because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market to potential clients, grow their fan base, and build and maintain their brand.

***Plaintiffs' Individual Backgrounds and Careers***

28.     Plaintiff Cerny is a fitness professional, television personality, blogger, and model. She was former Playboy Playmate of the Month (October 2011), as well as a cover model for *Health & Wellness Magazine*. She loves to blog about the importance of eating healthy and working out. She is also chairwoman and Founder of Play Foundation, which is a global foundation founded for the purpose of bringing the youth closer to their love of music. Ms. Cerny is very well known throughout the social media world with 4.1 million Vine followers, 2.8 million Instagram followers, 232 thousand YouTube subscribers, 2.3 million Facebook fans, over 360 thousand followers on Snapchat, and 341 thousand Twitter followers.

29.     That we know of, Cerny is depicted in the photos in Exhibit A to promote Babe's Pub & Pool on its Facebook page. This Image was intentionally altered to make it appear that Cerny was either a stripper working at Babe's Pub &

Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

30.     Cerny has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

31.     Plaintiff Moreland is a published model with companies such as Monster Energy, K&N Filters, Moskova Underwear, and Ultimate Armwrestling League. She became a brand ambassador for Shredz. She was featured as a *Maxim* Instagram Girl of the Week and was also the October 2015 Playboy Playmate of the Month. She has made appearances in numerous TV series, including Booty Boot Camp, Nuclear Family, Playmate Playback and many more. She is also the owner of Cheri Fit activewear. Cheri currently has over 12.5 million followers on Instagram, over 15.5 thousand followers on Twitter, and over 6.2 million followers on Facebook.

32.     That we know of, Moreland is depicted in the photo in Exhibit B to promote Babe's Pub & Pool on its Facebook page. These Images were intentionally altered to make it appear that Moreland was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated

or affiliated with Babe's Pub & Pool.

33.     Moreland has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

34.     Plaintiff Geiger is a professional model and actress who performed with eight-time Grammy nominee rapper Lil Wayne in a music video for two-time Grammy nominee singer Keri Hilson. She is most known for her work in Glamour Magazine and her appearance on "The Howard Stern Show" in a "Miss HTV March" contest. Geiger has appeared in numerous magazines such as *Show, Maxim*, and *Raw*, and has modeled for several product campaigns such as Primitive Clothing, where she currently has her own line of custom skateboard decks.

35.     That we know of, Geiger is depicted in the photos in Exhibit C to promote Babe's Pub & Pool on its Facebook page. These Images were intentionally altered to make it appear that Geiger was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

36.     Geiger has never been employed at Babe's Pub & Pool, has never

been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of their Images, and have suffered, and will continue to suffer, damages as a result of same.

37.    Plaintiff Zales is an American model, actress and social media phenom. Ms. Zales started modeling right out of high school and is based in LA California. Ms. Zales has been featured in Maxim magazine, FHM magazine in the USA, Thailand, Norway and the Philippines, Lowrider magazine feature and cover, Koncept magazine, Kassanova magazine, Show, Glam Jam, Hush Hush, Kaboom!, GuySpeed.com and Venus Zine. Ms. Zales has also featured in catalogs and campaigns such as, Gila River Casino, Lone Butte Burger, Verona Chophouse, American Bandstand Express, Apple, Sassimi Spa, Rachelle's Salon and for The American Heart Association. Ms. Zale has also appeared in over ten films including Piranha 3D and Young Americans, and has a number of TV appearances to her credit including Pepsi, Bad Boy Fight Night, APS Electric and Acura of Tempe. Ms. Zales is the Brand Ambassador for Shredz fitness clothing. Ms. Zale has over 4.1 million Instagram followers and a further 1 million on her personal Facebook and fan page.

38.    That we know of, Zales is depicted in the photos in Exhibit D to promote Babe's Pub & Pool on its Facebook page. This Image was intentionally

altered to make it appear that Zales was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

39.    Zales has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

40.    Plaintiff Sears is an Australian model, spokeswoman and social media phenom. As an influencer, she encourages conversation via the content she creates. Sears has appeared in titles such as: *GQ USA, FHM, MAXIM, Kandy Magazine, Ralph, M, Transworld, Motocross, Esquire* and *ZOO Weekly*. Ms. Sears represented world-wide brands such as, Ciroc, Naven, Strike force MMA, Kumo Tires, Comfort Revolution, Two in the shirt, Monster Energy and Man Eater Swimwear. She has also appeared in a variety of TVC and music video roles including national campaigns and internationally renowned music artists worldwide. Ms. Sears has her own commercial website http://www.emilysears.com and a combined tally of over 6.2 million Social Media Followers.

41.    That we know of, Sears is depicted in the photos in Exhibit E to promote Babe's Pub & Pool on its Facebook page. These Images were intentionally altered

to make it appear that Sears was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

42.    Sears has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Images, and has suffered, and will continue to suffer, damages as a result of same.

43.    Plaintiff Muehlenbeck is one of Australia's most recognized social influencers, with over 800,000 followers and an engagement of over 8,500,000 likes, her travels and adventures documented by the multi-award winning Creative Director, Kane, are followed by their fans globally through social media channels. Ms. Muehlenbeck has graced a number of magazine covers and has been featured multiple times in publications such as *Maxim, FHM,* and *M*! Ms. Muehlenbeck a qualified lawyer, model, businesswomen and spokesperson.  Ms. Muehlenbeck now splits her time between modeling and blogging with *Finding the Finer* (An online blog) for national and international brands, as well as her own luxe sportswear line, Slinkii Athletic.

44.    That we know of, Muehlenbeck is depicted in the photos in Exhibit F to promote Babe's Pub & Pool on its Facebook page. This Image was intentionally

altered to make it appear that Muehlenbeck was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

45.    Muehlenbeck has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

46.    Plaintiff Gibson is an American model born to an Italian father and Filipino mother in Clearwater, Florida and is the youngest of five children. Gibson was a member of the USA National Bikini Team and Fireball Models prior to being selected as Playmate of the Month in the November 2005 Issue of *Playboy*. She posed as a Playmate Xtra as part of the *Playboy Cyber Club* in August of 2007 and was featured in the May 2008 Filipino edition of *Playboy*. Gibson has a real estate license and a culinary degree from the Chef Jean Pierre Cooking School in Florida. She has modeled with her older sister C.J. as the Gibson Sisters and has also worked as a ring girl for the UFC. Gibson speaks fluent Tagalog and some Japanese. Gibson has 21,697 followers on Instagram.

47.    That we know of, Gibson is depicted in the photos in Exhibit G to promote Babe's Pub & Pool on its Facebook page. This Image was intentionally

altered to make it appear that Gibson was either a stripper working at Babe's Pub &
Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or
affiliated with Babe's Pub & Pool.

48.    Gibson has never been employed at Babe's Pub & Pool, has never
been hired to endorse Babe's Pub & Pool, has never been otherwise associated or
affiliated with Babe's Pub & Pool, has received no remuneration for Defendants'
unauthorized use of her Image, and has suffered, and will continue to suffer,
damages as a result of same.

49.    Plaintiff Acosta started her classic ballet studies at the age of four at
the Centro de la Cultura in Santiago, Dominican Republic. She later moved on to
the Instituto de Cultura y Arte ("ICA"), where she excelled as one of the most
gifted students of the academy. After graduating with honors from the ICA and the
Ballet School of Norma Garcia with a Bachelor's degree in Art with concentration
in Classic Ballet, she became part of the Dominican Nacional Ballet as the
youngest soloist member in 2002. Partaking in all major classic and modern shows
in the Dominican Republic, she was nominated twice by the Secretaria de Estado
de la Juventud for her work in the category of Cultural Development. She initiated
her modeling career in 2004, participating in magazines and television for
prestigious Dominican enterprises. Acosta moved to the United States in 2006
where her career took a new turn, distinguishing herself in several areas of the

modeling world, featuring in magazines, radio, television programs and commercials and numerous music videos. She has over 36 thousand Facebook followers, over 1.6 million Instagram followers, and over 291 thousand Twitter followers.

50.    That we know of, Acosta is depicted in the photos in Exhibit H to promote Babe's Pub & Pool on its Facebook page. This Image was intentionally altered to make it appear that Acosta was either a stripper working at Babe's Pub & Pool, that she endorsed Babe's Pub & Pool, or that she was otherwise associated or affiliated with Babe's Pub & Pool.

51.    Acosta has never been employed at Babe's Pub & Pool, has never been hired to endorse Babe's Pub & Pool, has never been otherwise associated or affiliated with Babe's Pub & Pool, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendants' Business Activities and Misappropriation***

52.    Defendants operate or operated, during the relevant time period, Babe's Pub & Pool, where they are or were engaged in the business of selling alcohol and food in an atmosphere where nude or semi-nude women entertain the business' clientele.

53.    In furtherance of their promotion of Babe's Pub & Pool, Defendants

own, operate, and control Babe's Pub & Pool's social media accounts, including its

Facebook, Twitter, and Instagram accounts.

54.    Defendants used Babe's Pub & Pool's Facebook, Twitter, and

Instagram accounts to promote Babe's Pub & Pool, and to attract patrons.

55.    Defendants did this for their own commercial and financial benefit.

56.    Defendants have used, advertised, created, printed, and distributed the

Images of Plaintiffs, as further described and identified above, to create the false

impression with potential clientele that each Plaintiff either worked at Babe's Pub

& Pool, endorsed Babe's Pub & Pool, or was otherwise associated or affiliated

with Babe's Pub & Pool.

57.    Defendants used Plaintiffs' Images and created the false impression

with the public that Plaintiffs worked at or endorsed Babe's Pub & Pool to receive

certain benefits from that false impression, including but not limited to: monetary

payments; increased promotional, advertising, marketing, and other public

relations benefits; notoriety; publicity; and an increase in business revenue, profits,

proceeds, and income.

58.    Defendants were well aware that none of the Plaintiffs have ever been

affiliated with or employed by Babe's Pub & Pool, and at no point have any of the

Plaintiffs ever endorsed Babe's Pub & Pool, or otherwise been affiliated or

associated with Babe's Pub & Pool.

59.     All of Defendants' activities, including their misappropriation and republication of Plaintiffs' Images, were done without the knowledge or consent of Plaintiffs.

60.     Defendant have never compensated Plaintiffs for the unauthorized use of Plaintiffs' Images.

61.     Plaintiffs have never received any benefit from Defendants' unauthorized use of their Images.

***Standard Business Practices in the Modeling Industry***

62.     It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

63.     The fee that a professional model, like each Plaintiff, will receive is negotiated by their agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) where and how long the photo shoot takes place; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards, or posters), known in the modeling industry as "usage"; and, d) the length of time the rights to use the photos will be assigned, known in the modeling industry at the "term."

64.     Most licenses to use a model's image are for one, two, or three year

terms; almost never is there a "lifetime" term.

***Defendant's Misappropriation of Plaintiffs' Images***

65.     Defendants were aware that, by using Plaintiffs' Images, they were violating Plaintiffs' right to privacy, Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at or endorsed Babe's Pub & Pool.

66.     Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

67.     In addition, Plaintiffs allege that the improper unauthorized use of their Images at issue in this case has substantially injured their respective careers and reputations, because of the negative connotations of false impression of association with Babe's Pub & Pool.

68.     At no point was any Plaintiff ever contacted by any Defendants, or any representative of any Defendants, to request the use of any of Plaintiffs' Images.

69.     No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

70.     No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including Babe's Pub & Pool's website, Twitter, Facebook, or Instagram accounts.

- 17 -

71.     Defendants used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive each of the Plaintiffs of her right to use her Images.

## FIRST CAUSE OF ACTION
### (Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising)

72.     The advertisements at issue in this action were false and misleading under 15 U.S.C. § 1125(a)(1)(B) because no Plaintiff ever worked at or was in any way associated or affiliated with Babe's Pub & Pool, nor had they agreed to appear in Defendants' advertisements for Babe's Pub & Pool.

73.     Given the false and misleading nature of the advertisements, they had the capacity to and did deceive consumers.

74.     Upon information and belief, the deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Babe's Pub & Pool.

75.     Defendants' publication of these false and misleading advertisements on the internet had the capacity to and did affect interstate commerce.

76.     Even though Defendants were at all times aware that the Plaintiffs neither worked at nor endorsed Babe's Pub & Pool, Defendants nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiff's employment at or affiliation with Babe's Pub & Pool.

77.     Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Babe's Pub & Pool.

78.     Defendants' use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' sponsorship of, employment at, or other relationship with Babe's Pub & Pool, and the goods and services provided by Babe's Pub & Pool.

79.     Defendants' unauthorized use of Plaintiffs' Images created a false advertisement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SECOND CAUSE OF ACTION
**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association)**

80.     Defendants' use of Plaintiffs Images created the false impression with the public that Plaintiffs were affiliated, connected, or associated with Babe's Pub & Pool, or worked at, sponsored, or approved of Babe's Pub & Pool's goods, services or commercial activities.

81.     This was done to promote and attract clientele to Babe's Pub & Pool, and thereby generate revenue for the Defendants, for Defendants' commercial benefit.

82.     Even though Defendants were at all times aware that the Plaintiffs

were neither affiliated, connected or associated with Babe's Pub & Pool, nor worked at, sponsored, or approved of Babe's Pub & Pool's goods, services, or commercial activities, Defendants nevertheless used Plaintiffs Images to mislead potential customers as to Plaintiffs' employment at or affiliation with Babe's Pub & Pool.

83.     Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association, or employment at Babe's Pub & Pool.

84.     Defendants' use of Plaintiffs' Images caused consumer confusion as to Plaintiffs' employment at or endorsement of Babe's Pub & Pool, and the goods and services provided by Babe's Pub & Pool.

85.     Defendants' unauthorized use of Plaintiffs' Images created a false endorsement prohibited by section 43 of the Lanham Act, and Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## THIRD CAUSE OF ACTION
**(Common Law Right of Publicity)**

86.     Defendants have appropriated each Plaintiff's likeness for Defendants' commercial purposes without authority or consent from Plaintiffs.

87.      Defendants misappropriated Plaintiffs' likenesses by publishing their Images on Babe's Pub & Pool's website or related social media accounts as part of

Defendants' advertising campaign.

88.     Babe's Pub & Pool's website and social media accounts were designed to advertise and attract business to Babe's Pub & Pool and generate revenue for Defendants.

89.     Plaintiffs are informed and believe and hereon allege that the manner in which Defendants posted and publicized their image and likeness in a manner that was hidden, inherently undiscoverable, or inherently unknowable, in that Defendants published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

90.     Plaintiffs are further informed and believe and allege that discovery will prove that Defendants' republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

91.     Plaintiffs are informed and believe and allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

92.     Upon information and belief, Defendants use of Plaintiffs' Images did in fact attract clientele and generate business for Babe's Pub & Pool.

93.     At no point did any Defendant ever seek or receive permission or

consent to use any Plaintiff's Image for any purpose.

94.    Defendants were at all relevant times aware that they had never received any Plaintiffs' permission or consent to use their Images in any medium for any purpose.

95.    At no point did Defendants ever compensate Plaintiffs for its unauthorized use of their Images.

96.    Plaintiffs have been damaged in amounts to be proved at trial and are also entitled to punitive damages under O.C.G.A. § 51-12-5.1 based on Defendants' actions.

**FOURTH CAUSE OF ACTION**
**(Common Law Right of Privacy – False Light)**

97.    As set forth hereon, each Plaintiff has and had at the time of Defendants' misappropriation a commercial interest in her image, photo, persona, and likeness.

98.    This commercial interest was developed by each Plaintiff through her investment of time, effort and money in her career, image, persona, and likeness.

99.    Defendants used each Plaintiff's image and likeness for commercial purposes by using same in advertising for Babe's Pub & Pool.

100.    Defendants did so without any Plaintiff's consent, written or otherwise.

101.    Plaintiffs are further informed and believe and hereon allege that

discovery will prove that Defendants' republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

102.   Plaintiffs are informed and believe and allege that Defendants' republication of Plaintiff's image and likeness was altered so as to reach a new audience and/or promote a different product.

103.   Defendants were at all relevant times aware that they never received any Plaintiffs' permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote Babe's Pub & Pool.

104.   Defendants' unauthorized use of Plaintiffs' Images depicted them as strippers or connected with Babe's Pub & Pool to the general public, which would be highly offensive to reasonable persons in Plaintiffs' positions.

105.   Moreover, at no point did Defendants ever compensate Plaintiffs for its use of their Images.

106.   No applicable privilege or authorization exists for Defendants' use of Plaintiffs' Images.

107.   Plaintiffs have been damaged in amounts to be proved at trial and are also entitled to punitive damages under O.C.G.A. § 51-12-5.1 based on Defendants' actions.

## <u>FIFTH CAUSE OF ACTION</u>

**(Violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*)**

108.   Defendants operated Babe's Pub & Pool's website and social media accounts in order to promote Babe's Pub & Pool, to attract clientele thereto, and to thereby generate revenue for Defendants.

109.   As such, Defendants' operation of the website and social media accounts, and their publication of Images thereon, was consumer-oriented in nature and occurred in the trade and commerce with the State of Georgia.

110.   Defendants' published Plaintiffs' Images on Babe's Pub & Pool's website and social media accounts to create the false and misleading impression that Plaintiffs were either strippers working at Babe's Pub & Pool, endorsed Babe's Pub & Pool, or were otherwise affiliated, associated, or connected with Babe's Pub & Pool.

111.   As such, Defendants' intent in publishing Plaintiffs' Images was to mislead the public as to Plaintiffs' employment at and/or affiliation with the Club.

112.   Such conduct constitutes unfair and deceptive acts and practices, and unfair competition under O.C.G.A. § 10-1-372(a)(2), (3), and (12).

113.   Defendants' advertising practices offends the public policy of Georgia insofar as it constitutes misappropriation of Plaintiffs' property rights in their own Images, and invasion of Plaintiffs' privacy, for Defendants commercial benefit.

114.   Defendants' advertising practices are immoral, unethical, oppressive,

and unscrupulous insofar as they have sought to confuse the public for their own commercial benefit by implying that Plaintiffs are affiliated, endorse, are associated with and/or are strippers at Babe's Pub & Pool.

115.   Defendants' advertising practices cause substantial injury to consumers by creating the false impression that Plaintiffs are strippers at, endorse, or are otherwise affiliated with, Babe's Pub & Pool.

116.   There are no benefits to Plaintiffs from Defendants' advertising practices except a benefit to Defendants own commercial interests.

117.   As a result of Defendants' unauthorized and misleading publication of Plaintiffs' Images on Babe's Pub & Pool's website and social media accounts, each of the Plaintiffs' reputations was injured, and each of the Plaintiffs' ability to market herself as a model was injured.

118.   As a result of Defendants' unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including punitive and exemplary damages.

## SIXTH CAUSE OF ACTION
### (Defamation)

119.   As detailed throughout this Complaint, Defendants have published altered Images of Plaintiffs in order to promote Babe's Pub & Pool to the general public and potential clientele.

120.   Defendants' publication of the Images constitutes a representation that

Plaintiffs was either employed by Babe's Pub & Pool, that they endorsed Babe's Pub & Pool, or that they had some affiliation with Babe's Pub & Pool.

121.   None of these representations were true.

122.   In publishing Plaintiffs' altered Images, it was Defendants' intention to create a false impression to the general public that Plaintiffs were strippers working at Babe's Pub & Pool or endorsed Babe's Pub & Pool.

123.   Defendants were at least negligent in publishing Plaintiffs' Images because they knew, or should have known, that Plaintiffs were not employed by Babe's Pub & Pool, had no affiliation with Babe's Pub & Pool, had not consented to the use of their Images, and had not been compensated for the use of their Images.

124.   In the alternative, Defendants published the Images of Plaintiffs with actual malice because they knew that Plaintiffs were not employed by Babe's Pub & Pool, had no affiliation with Babe's Pub & Pool, had not consented to the use of their Images, and had not been compensated for the use of their Images.

125.   Despite Defendants' knowledge and awareness of these facts, they nevertheless made the decision to publish Plaintiffs' Images to the general public to attract clientele and generate revenue for themselves.

126.   Defendants' publication of Plaintiffs' Images constitutes defamation under Georgia law because this publication falsely accuses Plaintiff of having

acted in a manner—*i.e.*, working as a stripper and/or endorsing a strip club—which would subject each Plaintiff to hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace, and/or could induce an evil opinion of Plaintiffs in the minds of right-thinking persons, and/or could deprive each Plaintiff of confidence and friendly intercourse in society.

127.   Defendants' publication of Plaintiffs' Images likewise constitutes defamation *per se* under Georgia law because this publication would tend to injure each Plaintiff in her trade, business, and profession as a professional model.

128.   This is because any company or brand that sought to hire any of the Plaintiffs as a company or brand representative would be less likely to do so upon learning that she was a professional stripper and/or promoting as strip club, an inference which Defendants' publication of the Images support.

129.   Defendants' publication of Plaintiffs' Images likewise constitutes defamation *per se* under Georgia law because, insofar as this publication falsely portrays each of the Plaintiffs as a stripper, it imputes unchastity to her.

130.   Defendants' publication of Plaintiffs' Images caused Plaintiffs to suffer damages in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## SEVENTH CAUSE OF ACTION
### (Negligence and *Respondeat Superior*)

131.   Plaintiffs are further informed and believe and hereon allege that

Defendants maintain or should have maintained employee policies and procedures which govern the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes which specifically prevent the *unauthorized and non-consensual* use of intellectual property, publicity rights and/or the image and likeness of individuals for promotional and advertising purposes.

132.   Further, Defendants should have maintained, or failed to maintain, policies and procedures to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

133.   Defendants owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights.

134.   Defendants further owed a duty of care to consumers at large to ensure that their promotional and/or advertising materials and campaigns were not deceptive or misleading in their advertising practices.

135.   Defendants breached their duty of care to both Plaintiffs and consumers by failing to either adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, and/or the image and likeness of individuals for promotional and advertising purposes were not

unauthorized, non-consensual, or false and deceptive.

136.   Defendants further failed to enforce or implement the above-stated policies and/or to communicate them to employees, and/or supervise its employees in order to ensure that these policies, along with federal and Georgia law, were not violated.  Defendants breached their duty of care to Plaintiffs and consumers by its negligent hiring, screening, retaining, supervising, and/or training of its employees and agents.

137.   Defendants' breach was the proximate cause of the harm Plaintiffs suffered when their Images were published without their consent, authorization, and done so in a false, misleading and/or deceptive manner.

138.   As a result of Defendants' negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Conversion)

139.   Each Plaintiff is, and at all relevant times were, the exclusive owners of all right, title and interest in their Images, and have property interests thereon.

140.   By the conduct detailed above, Defendants converted Plaintiffs' property rights in their Images for their own use and financial gain Images for its own use and financial gain.

141.   As a result of Defendants' unlawful conversion of Plaintiffs' Images, and publication of same, Plaintiffs have suffered damages in an amount to be

determined at trial.

## NINTH CAUSE OF ACTION
### (Unjust Enrichment)

142.   As set forth in detail above, Defendants published Plaintiffs' Images in order to promote Babe's Pub & Pool to the general public and potential clientele.

143.   Defendants' publication was for the purpose of creating a false impression to the general public that Plaintiffs were either strippers working at Babe's Pub & Pool or endorsed Babe's Pub & Pool.

144.   Defendants' purpose in publishing Plaintiffs' Images was to benefit commercially due to their purported association with, employment of, and/or endorsement by Plaintiffs.

145.   Upon information and belief, Defendants did in fact benefit commercially due to their unauthorized use of Plaintiffs' Images.

146.   Defendants have been enriched by their unauthorized control over, and publication of, Plaintiffs' Image because this publication has assisted Defendants in attracting clientele to Babe's Pub & Pool.

147.   Plaintiffs have not been compensated for Defendants' commercial exploitation of their Images, and thus any financial benefit which Defendants received due to this exploitation is unjust.

148.   As such, Plaintiffs have been damaged in an amount to be determined

at trial.

## TENTH CAUSE OF ACTION
### (Quantum Meruit)

149.   Plaintiffs are each internationally known models who earn their livings appearing in, among other things, commercials, advertisements, and publications on behalf of companies and brands, including their own brands.

150.   Companies and brands that choose to hire Plaintiffs compensate them for their appearances.

151.   Although Defendants have availed themselves of the benefit of being associated with Plaintiffs, and making it appear to potential customers that Plaintiffs either work at Babe's Pub & Pool, endorse Babe's Pub & Pool, or are otherwise affiliated with Babe's Pub & Pool, Defendant have not compensated Plaintiffs.

152.   Plaintiffs are therefore entitled to reasonable compensation for Babe's Pub & Pool's unauthorized use of their Images.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs respectfully request Judgment in their favor and against Defendants as follows:

(a) For actual damages, in an amount to be determined at trial, relating to

Plaintiffs' first through tenth causes of action;

(b) For an order ***permanently enjoining*** Defendants from using Plaintiffs'

Images to promote Babe's Pub & Pool;

(c) For punitive damages and treble damages under O.C.G.A. § 51-12-5.1

and the Lanham Act, 15 U.S.C. § 1117;

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution

of this Action pursuant to the Lanham Act, 15 U.S.C. § 1117 and O.C.G.A. § 10-1-

373; and,

(e) For such other and further relief as the Court may deem just and proper.

Under Local Rule 7.1D, I certify that this Complaint has been prepared using

double-spaced Times New Roman at 14 point, unless otherwise permitted by Local

Rule 5.1C.

Respectfully submitted this 5th day of October, 2021.

<table>
<tr><td>/s/ John V. Golaszewski</td><td>/s/ Bret Moore</td></tr>
<tr><td>John V. Golaszewski<br>NY Bar No. 4121091<br>*Pro Hac Vice Application Pending*<br>**THE CASAS LAW FIRM, P.C.**<br>1740 Broadway, 15th Floor<br>New York, New York 10019<br>(646) 872-3178<br>john@casaslawfirm.com</td><td>Bret Moore<br>GA Bar No. 601608<br>**BROUGHTON LAW**<br>305 W. Wieuca Road NE<br>Atlanta, GA 30342<br>(404) 842-7700<br>(404) 842-7717 fax<br>bret@broughtonlaw.com</td></tr>
<tr><td>Lead Counsel for Plaintiffs</td><td>Local Counsel for Plaintiffs</td></tr>
</table>